**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

**JOE D. LITTLE,**

Plaintiff,

v.

**3M COMPANY**

**ABB INC.**, individually and as successor-in-interest to BAILEY METER COMPANY and ITE IMPERIAL COMPANY f/k/a ITE CIRCUIT BREAKER COMPANY

**ALFA LAVAL INC.**

**A. O. SMITH CORPORATION**

**CARRIER CORPORATION**

**CROWN CORK & SEAL COMPANY, INC.**

**CURTIS-WRIGHT FLOW CONTROL CORPORATION**, as successor-in-interest to FARRIS ENGINEERING CORP.

**ECKEL INDUSTRIES, INC.**

**ELECTROLUX HOME PRODUCTS, INC.**

**EMERSON ELECTRIC CO.**, individually and as successor-in-interest to FISHER CONTROLS

**FLOWSERVE CORPORATION** f/k/a The Duriron Company, Inc.

**FLOWSERVE US INC.**, as successor to ROCKWELL MANUFACTURING COMPANY, EDWARD VALVES, INC., SIER-BATH CO., PACIFIC PUMP, INC. and NORDSTROM VALVES, INC.

§ § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § §

**CIVIL ACTION NO.**
**1:25-cv-12047**

**ORIGINAL COMPLAINT**

**PLAINTIFF DEMANDS A JURY TRIAL**

**FLOWSERVE US INC.**, as successor to DURAMETALLIC CORPORATION §

**FMC CORPORATION**, on behalf of its former CHICAGO PUMPS, NORTHERN PUMPS, and PEERLESS PUMPS businesses §

**FOSTER WHEELER ENERGY CORPORATION** §

**GENERAL ELECTRIC COMPANY** §

**GOULDS ELECTRONICS INC.** §

**GOULDS PUMPS LLC** §

**GREENE, TWEED & CO., INC.** §

**HONEYWELL INTERNATIONAL INC.**, individually and as successor-in-interest to MINNEAPOLIS-HONEYWELL REGULATOR CO. §

**IMO INDUSTRIES LLC** f/k/a IMO INDUSTRIES INC. §

**ITT LLC** §

**JOHN CRANE INC.** §

**THE J. R. CLARKSON COMPANY LLC**, successor to KUNKLE VALVE COMPANY and J.E. LONERGAN COMPANY §

**KIDDE-FENWAL, LLC**, as successor-in-interest to WALTER KIDDE & CO., INC. and WALTER KIDDE CO. §

**KINNEY VACUUM COMPANY** §

**LEAR SIEGLER DIVERSIFIED HOLDINGS CORP.**, as successor-in-interest to DAVIS ENGINEERING §

**METROPOLITAN LIFE INSURANCE COMPANY** §

**MUELLER STEAM SPECIALTY**

**PARAMOUNT GLOBAL**, f/k/a VIACOMCBS INC., f/k/a CBS CORPORATION, a Delaware corporation, f/k/a VIACOM INC., successor-by-merger to CBS CORPORATION, a Pennsylvania corporation, f/k/a WESTINGHOUSE ELECTRIC CORPORATION, individually and as successor-in-interest to BF STURTEVANT CO.

**REDCO CORPORATION** f/k/a CRANE CO.

**ROCKWELL AUTOMATION, INC.**, as successor-by-merger to ALLEN-BRADLEY COMPANY, LLC, RELIANCE ELECTRIC CO., and ROSTONE CORPORATION, and its wholly owned subsidiary, NUAD CORPORATION (individually and as successor to ADMIRAL CORPORATION)

**SCHNEIDER ELECTRIC USA, INC.**, f/k/a SQUARE D COMPANY, individually and as successor-in-interest to AUTOMATIC SWITCH CO.

**SPIRAX SARCO, INC.**

**STRAHMAN VALVES, INC.**

**TACO INC.**

**TUTHILL CORPORATION**

**VALVES AND CONTROLS US, INC.** f/k/a WEIR VALVES & CONTROLS USA, INC. f/k/a ATWOOD & MORRILL CO., INC.

**THE WALWORTH COMPANY**

**WARREN PUMPS LLC**

**YORK INTERNATIONAL CORPORATION**

§ § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § §

**ZURN INDUSTRIES, LLC**, individually and as successor-in-interest to ZURN INDUSTRIES, INC. §

**AM GENERAL LLC** §

**CARLISLE INDUSTRIAL BRAKE & FRICTION, INC.**, f/k/a MOTION CONTROL INDUSTRIES, INC. §

**CATERPILLAR INC.** §

**CUMMINS INC.** §

**DCO LLC** f/k/a DANA COMPANIES LLC §

**FEDERAL-MOGUL ASBESTOS PERSONAL INJURY TRUST**, as successor to FELT PRODUCTS MANUFACTURING CO. and/or the former VELLUMOID DIVISION OF FEDERAL-MOGUL CORPORATION §

**FORD MOTOR COMPANY** §

**GENUINE PARTS COMPANY**, d/b/a NAPA §

**HENNESSY INDUSTRIES, LLC** §

**HOLLINGSWORTH & VOSE COMPANY** §

**HONEYWELL INTERNATIONAL INC.**, f/k/a ALLIEDSIGNAL INC., as successor-in-interest to THE BENDIX CORPORATION §

**LIPE AUTOMATION CORP.** f/k/a LIPE-ROLLWAY CORPORATION, a dissolved New York corporation §

**MCCORD CORPORATION** §

**MERITOR, INC.**, f/k/a ARVINMERITOR, INC., successor-in-interest to ROCKWELL INTERNATIONAL CORPORATION §

**MORSE TEC LLC**, f/k/a BORGWARNER MORSE TEC LLC, successor-by-merger to BORG-WARNER CORPORATION §

**NEW FLYER OF AMERICA INC.,** as successor-in-interest to FLYER INDUSTRIES LIMITED, f/k/a WESTERN FLYER COACH §

**NORTHROP GRUMMAN OHIO CORPORATION**, as successor-in-interest to FLXIBLE CO. §

**PNEUMO ABEX LLC**, successor-in-interest to ABEX CORPORATION §

**ROHR, INC.**, individually, d/b/a and as successor to FLXIBLE CO. §

**UNION CARBIDE CORPORATION** §

**WESTERN AUTO SUPPLY COMPANY** §

**ZF ACTIVE SAFETY US INC.**, f/k/a KELSEY-HAYES COMPANY §

Defendants. §

**CIVIL ACTION COMPLAINT**

Plaintiff JOE D. LITTLE sues the above-named Defendants for compensatory and punitive damages, by and through their undersigned attorneys, and hereby brings this Civil Action Complaint, and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over the parties pursuant to 28 USC §1332 because the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs, and is between citizens of different states.

2. This Court has personal jurisdiction over the Defendants because Plaintiff's claims arise from Defendants' conduct in:

(a) Transacting business in the Commonwealth of Massachusetts, including the sale, supply, purchase, and/or use of asbestos and/or asbestos-containing products, within this State;

(b) Contracting to supply services or things in this State;

(c) Commission of a tortious act in whole or in part in this State;

(d) Having an interest in, using, or possessing real property in this State; and/or

(e) Entering into a contract to be performed in whole or in part by either party in this State.

3. Plaintiff's claims against the Product Defendants, as defined herein, arise out of Defendants' purposeful efforts to serve directly or indirectly the market for their asbestos and/or asbestos-containing products in the Commonwealth of Massachusetts, either through direct sales or through utilizing an established distribution channel with the expectation that their products would be purchased and/or used within Massachusetts.

4. All of the named Defendants are corporations whose substantial and/or systematic business in Massachusetts caused injury to Plaintiff in the Commonwealth, which subjects them to the jurisdiction of the Massachusetts courts pursuant to the Massachusetts Long-Arm Statute and the United States Constitution.

5. Pursuant to 28 USC §1391(b)(2), venue is proper in this judicial district because a substantial part of the events or omissions occurred in Massachusetts.

## GENERAL ALLEGATIONS

6. Plaintiff JOE D. LITTLE was diagnosed with malignant mesothelioma on or about June 4, 2025.

7. Plaintiff JOE D. LITTLE's cumulative exposure to asbestos as a result of acts and omissions of Defendants and their defective products, individually and together, was a substantial factor in causing Plaintiff's mesothelioma and other related injuries and therefore under Massachusetts law is the legal cause of Plaintiff's injuries and damages.

8. Plaintiff JOE D. LITTLE was not aware at the time of exposure that asbestos or asbestos-containing products presented any risk of injury and/or disease.

9. Plaintiff JOE D. LITTLE worked with, or in close proximity to others who worked with, asbestos-containing materials including but not limited to asbestos-containing products and other asbestos-containing materials manufactured and/or sold by Defendants identified above.

10. Each of the named Defendants is liable for damages stemming from its own tortious conduct or the tortious conduct of an "alternate entity" as hereinafter defined. Defendants are liable for the acts of their "alternate entity" and each of them, in that there has been a corporate name change, Defendant is the successor by merger, by successor in interest, or by other acquisition resulting in a virtual destruction of Plaintiff's remedy against each such "alternate entity"; Defendants, each of them, have acquired the assets, product line, or a portion thereof, of each such "alternate entity"; such "alternate entities" have acquired the assets, product line, or a portion thereof of each such Defendant; Defendants, and each of them, caused the destruction of Plaintiff's remedy against each such "alternate entity"; each such Defendant has the ability to assume the risk-spreading role of each such "alternate entity;" and that each such defendant enjoys the goodwill originally attached to each "alternate entity."

| DEFENDANT | ALTERNATE ENTITY |
|---|---|
| 3M COMPANY | MINNESOTA MINING & MANUFACTURING COMPANY |
| ABB INC. | BAILEY METER COMPANY<br>ITE IMPERIAL COMPANY<br>ITE CIRCUIT BREAKER COMPANY |
| ALFA LAVAL INC. | SHARPLES, INC.<br>ALFA LAVAL SEPARATION, INC.<br>DE LAVAL SEPARATOR COMPANY |
| CROWN CORK & SEAL COMPANY, INC. | CROWN HOLDINGS, INC.<br>CROWN CORK & SEAL USA, INC.<br>CROWN CORK & SEAL COMPANY (USA), INC.<br>MUNDET CORK COMPANY<br>MUNDET CORK CORPORATION |
| CURTIS-WRIGHT FLOW CONTROL CORPORATION | FARRIS ENGINEERING CORP. |
| ELECTROLUX HOME PRODUCTS, INC. | COPES-VULCAN, INC. |
| EMERSON ELECTRIC CO. | FISHER CONTROLS |
| FLOWSERVE CORPORATION | THE DURIRON COMPANY, INC. |
| FLOWSERVE US INC. | ROCKWELL MANUFACTURING COMPANY<br>EDWARD VALVES, INC.<br>SIER-BATH CO.<br>PACIFIC PUMP, INC.<br>NORDSTROM VALVES, INC.<br>DURAMETALLIC CORPORATION |
| FMC CORPORATION | CHICAGO PUMPS<br>NORTHERN PUMPS<br>PEERLESS PUMPS |
| GOULD ELECTRONICS INC. | ITE IMPERIAL COMPANY<br>ITE CIRCUIT BREAKER COMPANY |
| GREENE, TWEED & CO., INC. | PALMETTO |

| DEFENDANT | ALTERNATE ENTITY |
|---|---|
| IMO INDUSTRIES, LLC | IMO INDUSTRIES, INC.<br>DELAVAL STEAM TURBINE COMPANY |
| ITT LLC | ITT CORPORATION,<br>ITT INDUSTRIES INC.<br>ITT FLUID PRODUCTS CORP.<br>FOSTER ENGINEERING |
| JOHN CRANE INC. | CRANE PACKING COMPANY |
| THE J.R. CLARKSON COMPANY LLC | KUNKLE VALVE COMPANY<br>J.E. LONERGAN COMPANY |
| KIDDE-FENWAL, LLC | WALTER KIDDE & CO., INC.<br>WALTER KIDDE CO. |
| KINNEY VACUUM COMPANY | KINNEY MANUFACTURING COMPANY<br>KINNEY PUMP |
| LEAR SIEGLER DIVERSIFIED HOLDINGS CORP. | DAVIS ENGINEERING |
| METROPOLITAN LIFE INSURANCE COMPANY | METLIFE INC. |
| PARAMOUNT GLOBAL | VIACOMCBS INC.<br>VIACOM INC.<br>CBS CORPORATION (a Delaware corporation)<br>VIACOM, INC.<br>CBS CORPORATION (a Pennsylvania corporation)<br>WESTINGHOUSE ELECTRIC CORPORATION<br>B.F. STURTEVANT CO. |

| DEFENDANT | ALTERNATE ENTITY |
|---|---|
| REDCO CORPORATION | CRANE CO.<br>CHAPMAN VALVE MFG. CO.<br>COCHRANE CORPORATION<br>DEMING PUMP CO.<br>PACIFIC PUMP, INC.<br>SWARTWOUT CO. |
| ROCKWELL AUTOMATION, INC. | ALLEN-BRADLEY COMPANY, LLC<br>RELIANCE ELECTRIC CO.<br>ROSTONE CORPORATION<br>NUAD CORPORATION<br>ADMIRAL CORPORATION |
| VALVES AND CONTROLS US, INC. | WEIR VALVES & CONTROLS USA, INC.<br>ATWOOD & MORRILL CO., INC. |
| SCHNEIDER ELECTRIC USA, INC. | SQUARE D COMPANY<br>AUTOMATIC SWITCH CO. |
| SPIRAX SARCO, INC. | SARCO COMPANY |
| WARREN PUMPS LLC | QUIMBY PUMP COMPANY |
| CARLISLE INDUSTRIAL BRAKE & FRICTION, INC. | MOTION CONTROL INDUSTRIES, INC. |
| CUMMINS INC. | CUMMINS ENGINE COMPANY, INC. |
| DCO LLC | DANA COMPANIES, LLC<br>DANA CORPORATION<br>VICTOR PRODUCTS DIVISION<br>VICTOR MANUFACTURING & GASKET CO.<br>SPICER MANUFACTURING COMPANY |
| FEDERAL-MOGUL ASBESTOS PERSONAL INJURY TRUST | FELT PRODUCTS MANUFACTURING CO.<br>VELLUMOID DIVISION OF FEDERAL-MOGUL CORPORATION |
| GENUINE PARTS COMPANY | NATIONAL AUTOMOTIVE PARTS ASSOCIATION LLC<br>NAPA AUTO PARTS<br>NAPA |

| DEFENDANT | ALTERNATE ENTITY |
|---|---|
| HENNESSY INDUSTRIES, LLC | HENNESSY INDUSTRIES, INC.<br>AMMCO TOOLS, INC. |
| HONEYWELL INTERNATIONAL INC. | ALLIEDSIGNAL INC.<br>THE BENDIX CORPORATION<br>MINNEAPOLIS-HONEYWELL REGULATOR CO. |
| LIPE AUTOMATION CORP. | LIPE-ROLLWAY CORPORATION<br>LIPE CLUTCH PRODUCTS, INC.<br>W.C. LIPE, INC. |
| MCCORD CORPORATION | MCCORD GASKET CORPORATION |
| MERITOR, INC. | ARVINMERITOR, INC.<br>ROCKWELL INTERNATIONAL CORPORATION |
| MORSE TEC LLC | BORGWARNER MORSE TEC LLC<br>BORG-WARNER CORPORATION |
| NEW FLYER OF AMERICA INC. | FLYER INDUSTRIES LIMITED<br>WESTERN FLYER COACH |
| NORTHROP GRUMMAN OHIO CORPORATION | FLXIBLE CO. |
| PNEUMO ABEX LLC | ABEX CORPORATION<br>AMERICAN BRAKE SHOE COMPANY<br>AMERICAN BRAKEBLOK<br>AMERICAN BRAKE MATERIALS CORP.<br>AMERICAN BRAKE SHOE & FOUNDRY CO. |
| ROHR, INC. | FLXIBLE CO. |
| ZF ACTIVE SAFETY US INC. | KELSEY-HAYES COMPANY |

11. Plaintiff has been informed and believes, and thereon alleges, that at all times herein mentioned, Defendants or their “alternate entities” were or are corporations, partnerships, unincorporated associations, sole proprietorships and/or other business entities organized and existing under and by virtue of the laws of the Commonwealth of Massachusetts, or the laws of some other state or foreign jurisdiction, and that said Defendants were and/or are authorized to do

business in the Commonwealth of Massachusetts, and that said Defendants have regularly conducted business in the Commonwealth of Massachusetts.

12. Plaintiff has been informed and believes, and thereon alleges, that progressive lung disease, mesothelioma and other serious diseases are caused by inhalation of asbestos fibers without perceptible trauma and that said disease results from exposure to asbestos and asbestos-containing products over a period of time.

13. As a direct and proximate result of the conduct as alleged within, Plaintiff JOE D. LITTLE has suffered permanent injuries, including, but not limited to, mesothelioma and other lung damage, as well as the mental and emotional distress attendant thereto, from the effect of exposure to asbestos fibers, all to his damage in the sum of the amount as the trier of fact determines is proper.

14. As a direct and proximate result of the conduct as hereinafter alleged, Plaintiff JOE D. LITTLE incurred and is continuing to incur liability for physicians, surgeons, nurses, hospital care, medicine, hospices, x-rays and other medical treatment, the true and exact amount thereof being unknown to Plaintiff at this time. Plaintiff requests leave to supplement this Court and all parties accordingly when the true and exact cost of Plaintiff's medical treatment is ascertained.

**PARTIES**

15. The Plaintiff, JOE D. LITTLE, is a current citizen of the State of Ohio.

16. The Defendants that manufactured, sold, and/or distributed asbestos-containing products or raw asbestos materials for use in Massachusetts and other states at times relevant to this action are referred to herein as "Product Defendants." At all times relevant to this action, the Product Defendants and the predecessors of the Product Defendants for whose actions the Product

Defendants are legally responsible, were engaged in the manufacture, sale, and distribution of asbestos-containing products and raw materials.

17. At all times herein mentioned, each of the named Defendants was an entity and/or the successor, successor in business, successor in product line or a portion thereof, assign, predecessor, predecessor in business, predecessor in product line or a portion thereof, parent, subsidiary, or division of an entity, hereinafter referred to collectively as “alternate entities,” engaged in the business of researching, studying, manufacturing, fabricating, designing, modifying, labeling, instructing, assembling, distributing, leasing, buying, offering for sale, supplying, selling, inspecting, servicing, installing, contracting for installation, repairing, marketing, warranting, re-branding, manufacturing for others, packaging and advertising a certain product, namely asbestos, other products containing asbestos, and products manufactured for foreseeable use with asbestos products.

18. Defendant, **3M COMPANY**, was and is a company incorporated under the laws of the State of Delaware with its principal place of business in Minnesota. At all times material hereto, 3M COMPANY manufactured, engineered, designed, assembled, specified, recommended, required, sold, supplied, distributed, retailed, installed, and/or used defective masks and/or respirators, which failed to protect Plaintiff from asbestos and/or asbestos-containing products, materials, or equipment. Plaintiff sued 3M COMPANY as a Product Defendant. Plaintiff’s claims against 3M COMPANY arise out of this Defendant’s business activities in the Commonwealth of Massachusetts.

19. Defendant, **ABB INC.**, individually and as successor-in-interest to BAILEY METER COMPANY and ITE IMPERIAL COMPANY f/k/a ITE CIRCUIT BREAKER COMPANY, was and is a company incorporated under the laws of the State of Delaware with its

principal place of business in North Carolina. At all times material hereto, ABB INC. manufactured, engineered, designed, assembled, specified, recommended, required, sold, supplied, distributed, retailed, installed, and/or used substantial amounts of asbestos and/or asbestos-containing products, materials, or equipment, including, but not limited to, asbestos-insulated and asbestos-containing Bailey valves and asbestos-containing ITE electrical equipment. Plaintiff sued ABB INC. as a Product Defendant. Plaintiff's claims against ABB INC. arise out of this Defendant's business activities in the Commonwealth of Massachusetts.

20. Defendant, **ALFA LAVAL INC.**, was and is a company incorporated under the laws of the State of New Jersey with its principal place of business in Virginia. At all times material hereto, ALFA LAVAL INC. manufactured, engineered, designed, assembled, specified, recommended, required, sold, supplied, distributed, retailed, installed, and/or used substantial amounts of asbestos and/or asbestos-containing products, materials, or equipment, including, but not limited to, asbestos-containing DeLaval and Sharples purifiers. Plaintiff sued ALFA LAVAL INC. as a Product Defendant. Plaintiff's claims against ALFA LAVAL INC. arise out of this Defendant's business activities in the Commonwealth of Massachusetts.

21. Defendant, **A. O. SMITH CORPORATION**, was and is a company incorporated under the laws of the State of Delaware with its principal place of business in Wisconsin. At all times material hereto, A. O. SMITH CORPORATION manufactured, engineered, designed, assembled, specified, recommended, required, sold, supplied, distributed, retailed, installed, and/or used substantial amounts of asbestos and/or asbestos-containing products, materials, or equipment, including, but not limited to, asbestos-insulated and asbestos-containing A. O. Smith pumps. Plaintiff sued A. O. SMITH CORPORATION as a Product Defendant. Plaintiff's claims

against A. O. SMITH CORPORATION arise out of this Defendant's business activities in the Commonwealth of Massachusetts.

22. Defendant, **CARRIER CORPORATION** was and is a company incorporated under the laws of the State of Delaware with its principal place of business in Florida. At all times material hereto, CARRIER CORPORATION manufactured, engineered, designed, assembled, specified, recommended, required, sold, supplied, distributed, retailed, installed, and/or used substantial amounts of asbestos and/or asbestos-containing products, materials, or equipment, including, but not limited to, asbestos-containing Carrier compressors. Plaintiff sued CARRIER CORPORATION as a Product Defendant. Plaintiff's claims against CARRIER CORPORATION arise out of this Defendant's business activities in the Commonwealth of Massachusetts.

23. Defendant, **CROWN CORK & SEAL COMPANY, INC.**, individually and as successor-in-interest to MUNDET CORK COMPANY, was and is a company incorporated under the laws of the Commonwealth of Pennsylvania with its principal place of business in Pennsylvania. At all times material hereto, CROWN CORK & SEAL COMPANY, INC. manufactured, engineered, designed, assembled, specified, recommended, required, sold, supplied, distributed, retailed, installed, and/or used substantial amounts of asbestos and/or asbestos-containing products, materials, or equipment, including, but not limited to, asbestos-containing Mundet pipecovering, block, and cement. Plaintiff sued CROWN CORK & SEAL COMPANY, INC. as a Product Defendant. Plaintiff's claims against CROWN CORK & SEAL COMPANY, INC. arise out of this Defendant's business activities in the Commonwealth of Massachusetts.

24. Defendant, **CURTIS-WRIGHT FLOW CONTROL CORPORATION**, as successor-in-interest to FARRIS ENGINEERING CORP., was and is a company incorporated under the laws of the State of New York with its principal place of business in North Carolina. At

all times material hereto, CURTIS-WRIGHT FLOW CONTROL CORPORATION manufactured, engineered, designed, assembled, specified, recommended, required, sold, supplied, distributed, retailed, installed, and/or used substantial amounts of asbestos and/or asbestos-containing products, materials, or equipment, including, but not limited to, asbestos-insulated and asbestos-containing Farris valves. Plaintiff sued CURTIS-WRIGHT FLOW CONTROL CORPORATION as a Product Defendant. Plaintiff's claims against CURTIS-WRIGHT FLOW CONTROL CORPORATION arise out of this Defendant's business activities in the Commonwealth of Massachusetts.

25. Defendant, **ECKEL INDUSTRIES, INC.**, was and is a company incorporated under the laws of the Commonwealth of Massachusetts with its principal place of business in Massachusetts. At all times material hereto, ECKEL INDUSTRIES, INC. mined, manufactured, processed, imported, converted, compounded, supplied, installed, replaced, repaired, used, and/or retailed substantial amounts of asbestos and/or asbestos-containing products, materials, or equipment, including, but not limited to, asbestos-containing Kaylo pipecovering, block, and other insulating products. ECKEL INDUSTRIES, INC. is sued as a Product Defendant. Plaintiffs' claims against ECKEL INDUSTRIES, INC. arise out of this Defendant's business activities in the Commonwealth of Massachusetts.

26. Defendant, **ELECTROLUX HOME PRODUCTS, INC.**, was and is a company incorporated under the laws of the State of Delaware with its principal place of business in North Carolina. At all times material hereto, ELECTROLUX HOME PRODUCTS, INC. manufactured, engineered, designed, assembled, specified, recommended, required, sold, supplied, distributed, retailed, installed, and/or used substantial amounts of asbestos and/or asbestos-containing products, materials, or equipment, including, but not limited to, asbestos-insulated and asbestos-

containing Farris valves. Plaintiff sued ELECTROLUX HOME PRODUCTS, INC. as a Product Defendant. Plaintiff's claims against ELECTROLUX HOME PRODUCTS, INC. arise out of this Defendant's business activities in the Commonwealth of Massachusetts.

27. Defendant, **EMERSON ELECTRIC CO.**, individually and as successor-in-interest to FISHER CONTROLS, was and is a company incorporated under the laws of the State of Missouri with its principal place of business in Missouri. At all times material hereto, EMERSON ELECTRIC CO. manufactured, engineered, designed, assembled, specified, recommended, required, sold, supplied, distributed, retailed, installed, and/or used substantial amounts of asbestos and/or asbestos-containing products, materials, or equipment, including, but not limited to, asbestos-insulated and asbestos-containing Fisher valves. Plaintiff sued EMERSON ELECTRIC CO. as a Product Defendant. Plaintiff's claims against EMERSON ELECTRIC CO. arise out of this Defendant's business activities in the Commonwealth of Massachusetts.

28. Defendant, **FLOWSERVE CORPORATION** f/k/a The Duriron Company, Inc., was and is a company incorporated under the laws of the State of New York with its principal place of business in Texas. At all times material hereto, FLOWSERVE CORPORATION manufactured, engineered, designed, assembled, specified, recommended, required, sold, supplied, distributed, retailed, installed, and/or used substantial amounts of asbestos and/or asbestos-containing products, materials, or equipment, including, but not limited to, asbestos-insulated and asbestos-containing Durco valves. Plaintiff sued FLOWSERVE CORPORATION as a Product Defendant. Plaintiff's claims against FLOWSERVE CORPORATION arise out of this Defendant's business activities in the Commonwealth of Massachusetts.

29. Defendant, **FLOWSERVE US INC.**, as successor to ROCKWELL MANUFACTURING COMPANY, EDWARD VALVES, INC., SIER-BATH CO., PACIFIC

PUMP, INC. and NORDSTROM VALVES, INC. was and is a company incorporated under the laws of the State of Delaware with its principal place of business in Texas. At all times material hereto, FLOWSERVE US INC. manufactured, engineered, designed, assembled, specified, recommended, required, sold, supplied, distributed, retailed, installed, and/or used substantial amounts of asbestos and/or asbestos-containing products, materials, or equipment, including, but not limited to, asbestos-insulated and asbestos-containing Rockwell, Edward, and Nordstrom valves, as well as Sier-Bath and Pacific pumps. Plaintiff sued FLOWSERVE US INC. as a Product Defendant. Plaintiff's claims against FLOWSERVE US INC. arise out of this Defendant's business activities in the Commonwealth of Massachusetts.

30. Defendant, **FLOWSERVE US INC.**, as successor to DURAMETALLIC CORPORATION, was and is a company incorporated under the laws of the State of Delaware with its principal place of business in Texas. At all times material hereto, FLOWSERVE US INC. manufactured, engineered, designed, assembled, specified, recommended, required, sold, supplied, distributed, retailed, installed, and/or used substantial amounts of asbestos and/or asbestos-containing products, materials, or equipment, including, but not limited to, asbestos-insulated and asbestos-containing Durametallic gaskets and packing. Plaintiff sued FLOWSERVE US INC. as a Product Defendant. Plaintiff's claims against FLOWSERVE US INC. arise out of this Defendant's business activities in the Commonwealth of Massachusetts.

31. Defendant, **FMC CORPORATION**, on behalf of its former CHICAGO PUMPS, NORTHERN PUMPS, and PEERLESS PUMPS businesses, was and is a company incorporated under the laws of the State of Delaware with its principal place of business in Pennsylvania. At all times material hereto, FMC CORPORATION manufactured, engineered, designed, assembled, specified, recommended, required, sold, supplied, distributed, retailed, installed, and/or used

substantial amounts of asbestos and/or asbestos-containing products, materials, or equipment, including, but not limited to, asbestos-insulated and asbestos-containing Chicago, Northern, and Peerless pumps. Plaintiff sued FMC CORPORATION as a Product Defendant. Plaintiff's claims against FMC CORPORATION arise out of this Defendant's business activities in the Commonwealth of Massachusetts.

32. Defendant, **FOSTER WHEELER ENERGY CORPORATION**, was and is a company incorporated under the laws of the State of Delaware with its principal place of business in New Jersey. At all times material hereto, FOSTER WHEELER ENERGY CORPORATION manufactured, engineered, designed, assembled, specified, recommended, required, sold, supplied, distributed, retailed, installed, and/or used substantial amounts of asbestos and/or asbestos-containing products, materials, or equipment, including, but not limited to, asbestos-insulated and asbestos-containing Foster Wheeler condensers. Plaintiff sued FOSTER WHEELER ENERGY CORPORATION as a Product Defendant. Plaintiff's claims against FOSTER WHEELER ENERGY CORPORATION arise out of this Defendant's business activities in the Commonwealth of Massachusetts.

33. Defendant, **GENERAL ELECTRIC COMPANY**, was and is a company incorporated under the laws of the State of New York with its principal place of business in Massachusetts. At all times material hereto, GENERAL ELECTRIC COMPANY manufactured, engineered, designed, assembled, specified, recommended, required, sold, supplied, distributed, retailed, installed, and/or used substantial amounts of asbestos and/or asbestos-containing products, materials, or equipment, including, but not limited to, asbestos-containing General Electric main propulsion turbines. Plaintiff sued GENERAL ELECTRIC COMPANY as a Product

Defendant. Plaintiff's claims against GENERAL ELECTRIC COMPANY arise out of this Defendant's business activities in the Commonwealth of Massachusetts.

34. Defendant, **GOULDS ELECTRONICS INC.**, was and is a company incorporated under the laws of the State of Arizona with its principal place of business in Arizona. At all times material hereto, GOULDS ELECTRONICS INC. manufactured, engineered, designed, assembled, specified, recommended, required, sold, supplied, distributed, retailed, installed, and/or used substantial amounts of asbestos and/or asbestos-containing products, materials, or equipment, including, but not limited to, asbestos-containing ITE electrical equipment. Plaintiff sued GOULDS ELECTRONICS INC. as a Product Defendant. Plaintiff's claims against GOULDS ELECTRONICS INC. arise out of this Defendant's business activities in the Commonwealth of Massachusetts.

35. Defendant, **GOULDS PUMPS LLC**, was and is a company incorporated under the laws of the State of Delaware with its principal place of business in New York. At all times material hereto, GOULDS PUMPS LLC manufactured, engineered, designed, assembled, specified, recommended, required, sold, supplied, distributed, retailed, installed, and/or used substantial amounts of asbestos and/or asbestos-containing products, materials, or equipment, including, but not limited to, asbestos-insulated and asbestos-containing Goulds pumps. Plaintiff sued GOULDS PUMPS LLC as a Product Defendant. Plaintiff's claims against GOULDS PUMPS LLC arise out of this Defendant's business activities in the Commonwealth of Massachusetts.

36. Defendant, **GREENE, TWEED & CO., INC.**, was and is a company incorporated under the laws of the State of North Carolina with its principal place of business in North Carolina. At all times material hereto, GREENE, TWEED & CO., INC. manufactured, engineered, designed, assembled, specified, recommended, required, sold, supplied, distributed, retailed,

installed, and/or used substantial amounts of asbestos and/or asbestos-containing products, materials, or equipment, including, but not limited to, asbestos-containing Palmetto gaskets and packing. Plaintiff sued GREENE, TWEED & CO., INC. as a Product Defendant. Plaintiff's claims against GREENE, TWEED & CO., INC. arise out of this Defendant's business activities in the Commonwealth of Massachusetts.

37. Defendant, **HONEYWELL INTERNATIONAL INC.**, individually and as successor-in-interest to MINNEAPOLIS-HONEYWELL REGULATOR CO., was and is a Delaware corporation with its principal place of business in North Carolina. At all times material hereto, HONEYWELL INTERNATIONAL INC. manufactured, engineered, designed, assembled, specified, recommended, required, sold, supplied, distributed, retailed, installed, and/or used substantial amounts of asbestos and/or asbestos-containing products, materials, or equipment, including, but not limited to, asbestos-insulated and asbestos-containing Honeywell valves. Plaintiff sued HONEYWELL INTERNATIONAL INC. as a Product Defendant. Plaintiff's claims against HONEYWELL INTERNATIONAL INC. arise out of this Defendant's business activities in the Commonwealth of Massachusetts.

38. Defendant, **IMO INDUSTRIES LLC** f/k/a IMO INDUSTRIES, INC., was and is a company incorporated under the laws of the State of Delaware with its principal place of business in Maryland. At all times material hereto, IMO INDUSTRIES LLC manufactured, engineered, designed, assembled, specified, recommended, required, sold, supplied, distributed, retailed, installed, and/or used substantial amounts of asbestos and/or asbestos-containing products, materials, or equipment, including, but not limited to, asbestos-insulated and asbestos-containing DeLaval pumps and steam turbines. Plaintiff sued IMO INDUSTRIES LLC as a Product Defendant. Plaintiff's claims against IMO INDUSTRIES LLC arise out of this Defendant's

business activities in the Commonwealth of Massachusetts.

39. Defendant, **ITT LLC**, was and is a limited liability company incorporated under the laws of the State of Indiana with its principal place of business in Connecticut. ITT LLC is a wholly owned subsidiary of ITT Inc., an Indiana corporation. At all times material hereto, ITT LLC manufactured, engineered, designed, assembled, specified, recommended, required, sold, supplied, distributed, retailed, installed, and/or used substantial amounts of asbestos and/or asbestos-containing products, materials, or equipment, including, but not limited to, asbestos-insulated and asbestos-containing Foster Engineering valves and Bell & Gossett pumps. Plaintiff sued ITT LLC as a Product Defendant. Plaintiff's claims against ITT LLC arise out of this Defendant's business activities in the Commonwealth of Massachusetts.

40. Defendant, **JOHN CRANE INC.**, was and is a company incorporated under the laws of the State of Delaware with its principal place of business in Illinois. At all times material hereto, JOHN CRANE INC. manufactured, engineered, designed, assembled, specified, recommended, required, sold, supplied, distributed, retailed, installed, and/or used substantial amounts of asbestos and/or asbestos-containing products, materials, or equipment, including, but not limited to, asbestos-containing John Crane gaskets and packing. Plaintiff sued JOHN CRANE INC. as a Product Defendant. Plaintiff's claims against JOHN CRANE INC. arise out of this Defendant's business activities in the Commonwealth of Massachusetts.

41. Defendant, **THE J. R. CLARKSON COMPANY LLC**, successor to KUNKLE VALVE COMPANY and J.E. LONERGAN COMPANY, was and is a Nevada corporation with its principal place of business in Missouri. At all times material hereto, THE J. R. CLARKSON COMPANY LLC manufactured, engineered, designed, assembled, specified, recommended, required, sold, supplied, distributed, retailed, installed, and/or used substantial amounts of asbestos

and/or asbestos-containing products, materials, or equipment, including, but not limited to, asbestos-insulated and asbestos-containing Kunkle and Lonergan valves. Plaintiff sued THE J. R. CLARKSON COMPANY LLC as a Product Defendant. Plaintiff's claims against THE J. R. CLARKSON COMPANY LLC arise out of this Defendant's business activities in the Commonwealth of Massachusetts.

42. Defendant, **KIDDE-FENWAL, LLC**, as successor-in-interest to WALTER KIDDE & CO., INC. and WALTER KIDDE CO., was and is a company incorporated under the laws of the State of Delaware with its principal place of business in California. At all times material hereto, KIDDE-FENWAL, LLC manufactured, engineered, designed, assembled, specified, recommended, required, sold, supplied, distributed, retailed, installed, and/or used substantial amounts of asbestos and/or asbestos-containing products, materials, or equipment, including, but not limited to, asbestos-insulated and asbestos-containing Kidde valves. Plaintiff sued KIDDE-FENWAL, LLC as a Product Defendant. Plaintiff's claims against KIDDE-FENWAL, LLC arise out of this Defendant's business activities in the Commonwealth of Massachusetts.

43. Defendant, **KINNEY VACUUM COMPANY**, was and is a brand of Tuthill Corporation, which is a company incorporated under the laws of the State of Delaware with its principal place of business in Illinois. At all times material hereto, KINNEY VACUUM COMPANY manufactured, engineered, designed, assembled, specified, recommended, required, sold, supplied, distributed, retailed, installed, and/or used substantial amounts of asbestos and/or asbestos-containing products, materials, or equipment, including, but not limited to, asbestos-insulated and asbestos-containing Kinney pumps. Plaintiff sued KINNEY VACUUM COMPANY as a Product Defendant. Plaintiff's claims against KINNEY VACUUM COMPANY arise out of this Defendant's business activities in the Commonwealth of Massachusetts.

44. Defendant, **LEAR SIEGLER DIVERSIFIED HOLDINGS CORP.**, as successor-in-interest to DAVIS ENGINEERING, was and is a company incorporated under the laws of the State of Delaware with its principal place of business in New Jersey. At all times material hereto, LEAR SIEGLER DIVERSIFIED HOLDINGS CORP. manufactured, engineered, designed, assembled, specified, recommended, required, sold, supplied, distributed, retailed, installed, and/or used substantial amounts of asbestos and/or asbestos-containing products, materials, or equipment, including, but not limited to, asbestos-insulated and asbestos-containing Davis fuel oil heaters. Plaintiff sued LEAR SIEGLER DIVERSIFIED HOLDINGS CORP. as a Product Defendant. Plaintiff's claims against LEAR SIEGLER DIVERSIFIED HOLDINGS CORP. arise out of this Defendant's business activities in the Commonwealth of Massachusetts.

45. Defendant, **METROPOLITAN LIFE INSURANCE COMPANY**, was and is a company incorporated under the laws of the State of New York with its principal place of business in New York. METROPOLITAN LIFE INSURANCE COMPANY has done and does business in the Commonwealth of Massachusetts. Plaintiff sued METROPOLITAN LIFE INSURANCE COMPANY as a Conspiracy Defendant.

46. Defendant, **MUELLER STEAM SPECIALTY**, was and is a company incorporated under the laws of the State of Delaware with its principal place of business in North Carolina. At all times material hereto, MUELLER STEAM SPECIALTY manufactured, engineered, designed, assembled, specified, recommended, required, sold, supplied, distributed, retailed, installed, and/or used substantial amounts of asbestos and/or asbestos-containing products, materials, or equipment, including, but not limited to, asbestos-insulated and asbestos-containing Mueller steam traps and strainers. Plaintiff sued MUELLER STEAM SPECIALTY as

a Product Defendant. Plaintiff's claims against MUELLER STEAM SPECIALTY arise out of this Defendant's business activities in the Commonwealth of Massachusetts.

47. Defendant, **PARAMOUNT GLOBAL**, f/k/a VIACOMCBS INC., f/k/a CBS CORPORATION, a Delaware corporation, f/k/a VIACOM INC., successor-by-merger to CBS CORPORATION, a Pennsylvania corporation, f/k/a WESTINGHOUSE ELECTRIC CORPORATION, was and is a Delaware corporation with its principal place of business in New York. At all times material hereto, PARAMOUNT GLOBAL manufactured, engineered, designed, assembled, specified, recommended, required, sold, supplied, distributed, retailed, installed, and/or used substantial amounts of asbestos and/or asbestos-containing products, materials, or equipment, including, but not limited to, asbestos-insulated and asbestos-containing forced draft blowers, blower turbines, turbine-generators, and auxiliary pump turbines. Plaintiff sued PARAMOUNT GLOBAL as a Product Defendant. Plaintiff's claims against PARAMOUNT GLOBAL arise out of this Defendant's business activities in the Commonwealth of Massachusetts.

48. Defendant, **REDCO CORPORATION** f/k/a CRANE CO., was and is a company incorporated under the laws of the State of Delaware with its principal place of business in Connecticut. At all times material hereto, REDCO CORPORATION manufactured, engineered, designed, assembled, specified, recommended, required, sold, supplied, distributed, retailed, installed, and/or used substantial amounts of asbestos and/or asbestos-containing products, materials, or equipment, including, but not limited to, asbestos-insulated and asbestos-containing Crane, Chapman, and Swartwout valves, Cochrane deaerating feed tanks, Deming and Pacific pumps, Cranite gaskets and packing, and other products. Plaintiff sued REDCO CORPORATION as a Product Defendant. Plaintiff's claims against REDCO CORPORATION arise out of this Defendant's business activities in the Commonwealth of Massachusetts.

49. Defendant, **ROCKWELL AUTOMATION, INC.**, as successor-by-merger to ALLEN-BRADLEY COMPANY, LLC, RELIANCE ELECTRIC CO., and ROSTONE CORPORATION, and its wholly owned subsidiary, NUAD CORPORATION (individually and as successor to ADMIRAL CORPORATION), was and is a company incorporated under the laws of the State of Delaware with its principal place of business in Wisconsin. At all times material hereto, ROCKWELL AUTOMATION, INC. manufactured, engineered, designed, assembled, specified, recommended, required, sold, supplied, distributed, retailed, installed, and/or used substantial amounts of asbestos and/or asbestos-containing products, materials, or equipment, including, but not limited to, asbestos-containing Reliance motors and other electrical equipment. Plaintiff sued ROCKWELL AUTOMATION, INC. **as** a Product Defendant. Plaintiff's claims against ROCKWELL AUTOMATION, INC. arise out of this Defendant's business activities in the Commonwealth of Massachusetts.

50. Defendant, **SCHNEIDER ELECTRIC USA, INC.**, f/k/a SQUARE D COMPANY, individually and as successor-in-interest to AUTOMATIC SWITCH CO., was and is a company incorporated under the laws of the State of Delaware with its principal place of business in Wisconsin. At all times material hereto, SCHNEIDER ELECTRIC USA, INC. manufactured, engineered, designed, assembled, specified, recommended, required, sold, supplied, distributed, retailed, installed, and/or used substantial amounts of asbestos and/or asbestos-containing products, materials, or equipment, including, but not limited to, asbestos-insulated and asbestos-containing Automatic Switch valves and Square D electrical equipment. Plaintiff sued SCHNEIDER ELECTRIC USA, INC. **as** a Product Defendant. Plaintiff's claims against SCHNEIDER ELECTRIC USA, INC. arise out of this Defendant's business activities in the Commonwealth of Massachusetts.

51. Defendant, **SPIRAX SARCO, INC.**, was and is a company incorporated under the laws of the State of Delaware with its principal place of business in South Carolina. At all times material hereto, SPIRAX SARCO, INC. manufactured, engineered, designed, assembled, specified, recommended, required, sold, supplied, distributed, retailed, installed, and/or used substantial amounts of asbestos and/or asbestos-containing products, materials, or equipment, including, but not limited to, asbestos-insulated and asbestos-containing Sarco steam traps. Plaintiff sued SPIRAX SARCO, INC. as a Product Defendant. Plaintiff's claims against SPIRAX SARCO, INC. arise out of this Defendant's business activities in the Commonwealth of Massachusetts.

52. Defendant, **STRAHMAN VALVES, INC.**, was and is a company incorporated under the laws of the Commonwealth of Pennsylvania with its principal place of business in Pennsylvania. At all times material hereto, STRAHMAN VALVES, INC. manufactured, engineered, designed, assembled, specified, recommended, required, sold, supplied, distributed, retailed, installed, and/or used substantial amounts of asbestos and/or asbestos-containing products, materials, or equipment, including, but not limited to, asbestos-insulated and asbestos-containing Sarco steam traps. Plaintiff sued STRAHMAN VALVES, INC. as a Product Defendant. Plaintiff's claims against STRAHMAN VALVES, INC. arise out of this Defendant's business activities in the Commonwealth of Massachusetts.

53. Defendant, **TACO INC.**, was and is a company incorporated under the laws of the State of Rhode Island with its principal place of business in Rhode Island. At all times material hereto, TACO INC. manufactured, engineered, designed, assembled, specified, recommended, required, sold, supplied, distributed, retailed, installed, and/or used substantial amounts of asbestos and/or asbestos-containing products, materials, or equipment, including, but not limited to,

asbestos-containing Taco pumps. Plaintiff sued TACO INC. as a Product Defendant. Plaintiff's claims against TACO INC. arise out of this Defendant's business activities in the Commonwealth of Massachusetts.

54. Defendant, **TUTHILL CORPORATION**, was and is a company incorporated under the laws of the State of Delaware with its principal place of business in Illinois. At all times material hereto, TUTHILL CORPORATION manufactured, engineered, designed, assembled, specified, recommended, required, sold, supplied, distributed, retailed, installed, and/or used substantial amounts of asbestos and/or asbestos-containing products, materials, or equipment, including, but not limited to, asbestos-containing Tuthill pumps. Plaintiff sued TUTHILL CORPORATION as a Product Defendant. Plaintiff's claims against TUTHILL CORPORATION arise out of this Defendant's business activities in the Commonwealth of Massachusetts.

55. Defendant, **VALVES AND CONTROLS US, INC.** f/k/a WEIR VALVES & CONTROLS USA, INC. d/b/a ATWOOD & MORRILL CO., INC., was and is a Texas corporation with its principal place of business in Oregon. At all times material hereto, VALVES AND CONTROLS US, INC. manufactured, engineered, designed, assembled, specified, recommended, required, sold, supplied, distributed, retailed, installed, and/or used substantial amounts of asbestos and/or asbestos-containing products, materials, or equipment, including, but not limited to, asbestos-containing Atwood & Morrill valves. Plaintiff sued VALVES AND CONTROLS US, INC. as a Product Defendant. Plaintiff's claims against VALVES AND CONTROLS US, INC. arise out of this Defendant's business activities in the Commonwealth of Massachusetts.

56. Defendant, **THE WALWORTH COMPANY**, was and is a company incorporated under the laws of the State of Delaware, subsequently declared void for failure to pay franchise taxes and for failure to appoint a registered agent, and currently under receivership in Delaware.

THE WALWORTH COMPANY is composed of a sole member, IMO Industries, Inc., a Delaware corporation. At all times material hereto, THE WALWORTH COMPANY manufactured, engineered, designed, assembled, specified, recommended, required, sold, supplied, distributed, retailed, installed, and/or used substantial amounts of asbestos and/or asbestos-containing products, materials, or equipment, including, but not limited to, asbestos-insulated and asbestos-containing Walworth valves. Plaintiff sued THE WALWORTH COMPANY as a Product Defendant. Plaintiff's claims against THE WALWORTH COMPANY arise out of this Defendant's business activities in the Commonwealth of Massachusetts.

57. Defendant, **WARREN PUMPS LLC**, was and is a limited liability company incorporated under the laws of the State of Delaware with its principal place of business in Maryland. WARREN PUMPS LLC is composed of a sole member, IMO Industries, Inc., a Delaware corporation. At all times material hereto, WARREN PUMPS LLC manufactured, engineered, designed, assembled, specified, recommended, required, sold, supplied, distributed, retailed, installed, and/or used substantial amounts of asbestos and/or asbestos-containing products, materials, or equipment, including, but not limited to, asbestos-insulated and asbestos-containing Warren and Quimby pumps. Plaintiff sued WARREN PUMPS LLC as a Product Defendant. Plaintiff's claims against WARREN PUMPS LLC arise out of this Defendant's business activities in the Commonwealth of Massachusetts.

58. Defendant, **YORK INTERNATIONAL CORPORATION** was and is a company incorporated under the laws of the State of Delaware with its principal place of business in Wisconsin. At all times material hereto, YORK INTERNATIONAL CORPORATION manufactured, engineered, designed, assembled, specified, recommended, required, sold, supplied, distributed, retailed, installed, and/or used substantial amounts of asbestos and/or

asbestos-containing products, materials, or equipment, including, but not limited to, asbestos-containing York compressors. Plaintiff sued YORK INTERNATIONAL CORPORATION as a Product Defendant. Plaintiff's claims against YORK INTERNATIONAL CORPORATION arise out of this Defendant's business activities in the Commonwealth of Massachusetts.

59. Defendant, **ZURN INDUSTRIES, LLC**, individually and as successor-in-interest to ZURN INDUSTRIES, INC., was and is a company incorporated under the laws of the State of Delaware with its principal place of business in Wisconsin. At all times material hereto, ZURN INDUSTRIES, LLC manufactured, engineered, designed, assembled, specified, recommended, required, sold, supplied, distributed, retailed, installed, and/or used substantial amounts of asbestos and/or asbestos-containing products, materials, or equipment, including, but not limited to, asbestos-containing Zurn strainers. Plaintiff sued ZURN INDUSTRIES, LLC as a Product Defendant. Plaintiff's claims against ZURN INDUSTRIES, LLC arise out of this Defendant's business activities in the Commonwealth of Massachusetts.

60. Defendant, **AM GENERAL LLC**, was and is a company incorporated under the laws of the State of Delaware with its principal place of business in Indiana. At all times material hereto, AM GENERAL LLC manufactured, engineered, designed, assembled, specified, recommended, required, sold, supplied, distributed, retailed, installed, and/or used substantial amounts of asbestos and/or asbestos-containing products, materials, or equipment, including, but not limited to, asbestos-containing Metropolitan public transit buses and vans. Plaintiff sued AM GENERAL LLC as a Product Defendant. Plaintiff's claims against AM GENERAL LLC arise out of this Defendant's business activities in the Commonwealth of Massachusetts.

61. Defendant, **CARLISLE INDUSTRIAL BRAKE & FRICTION, INC.**, f/k/a MOTION CONTROL INDUSTRIES, INC., was and is a Delaware corporation with its principal

place of business in Arizona. At all times material hereto, CARLISLE INDUSTRIAL BRAKE & FRICTION, INC. manufactured, engineered, designed, assembled, specified, recommended, required, sold, supplied, distributed, retailed, installed, and/or used substantial amounts of asbestos and/or asbestos-containing products, materials, or equipment, including, but not limited to, asbestos-containing brake linings. Plaintiff sued CARLISLE INDUSTRIAL BRAKE & FRICTION, INC. as a Product Defendant. Plaintiff's claims against CARLISLE INDUSTRIAL BRAKE & FRICTION, INC. arise out of this Defendant's business activities in the Commonwealth of Massachusetts.

62. Defendant, **CATERPILLAR INC.**, was and is a Delaware corporation with its principal place of business in Texas. At all times material hereto, CATERPILLAR INC. manufactured, engineered, designed, assembled, specified, recommended, required, sold, supplied, distributed, retailed, installed, and/or used substantial amounts of asbestos and/or asbestos-containing products, materials, or equipment, including, but not limited to, asbestos-containing Caterpillar engines. Plaintiff sued CATERPILLAR INC. as a Product Defendant. Plaintiff's claims against CATERPILLAR INC. arise out of this Defendant's business activities in the Commonwealth of Massachusetts.

63. Defendant, **CUMMINS INC.** was and is a company incorporated under the laws of the State of Indiana with its principal place of business in Indiana. At all times material hereto, CUMMINS INC. manufactured, engineered, designed, assembled, specified, recommended, required, sold, supplied, distributed, retailed, installed, and/or used substantial amounts of asbestos and/or asbestos-containing products, materials, or equipment, including, but not limited to, asbestos-containing Cummins engines. Plaintiff sued CUMMINS INC. as a Product Defendant.

Plaintiff's claims against CUMMINS INC. arise out of this Defendant's business activities in the Commonwealth of Massachusetts.

64. Defendant, **DCO LLC** f/k/a DANA COMPANIES LLC, was and is a limited liability company incorporated under the laws of the State of Virginia with its principal place of business in Tennessee. At all times material hereto, DCO LLC manufactured, engineered, designed, assembled, specified, recommended, required, sold, supplied, distributed, retailed, installed, and/or used substantial amounts of asbestos and/or asbestos-containing products, materials, or equipment, including, but not limited to, asbestos-containing Spicer clutches and Victor gaskets. Plaintiff sued DCO LLC as a Product Defendant. Plaintiff's claims against DCO LLC arise out of this Defendant's business activities in the Commonwealth of Massachusetts.

65. Defendant, **FEDERAL-MOGUL ASBESTOS PERSONAL INJURY TRUST, AS SUCCESSOR TO FELT PRODUCTS MANUFACTURING CO. AND/OR THE FORMER VELLUMOID DIVISION OF FEDERAL-MOGUL CORPORATION**, was and is a Delaware statutory trust. At all times material hereto, FEDERAL-MOGUL ASBESTOS PERSONAL INJURY TRUST manufactured, engineered, designed, assembled, specified, recommended, required, sold, supplied, distributed, retailed, installed, and/or used substantial amounts of asbestos and/or asbestos-containing products, materials, or equipment, including, but not limited to, asbestos-containing Fel-Pro and/or Vellumoid engine gaskets. Plaintiff sued FEDERAL-MOGUL ASBESTOS PERSONAL INJURY TRUST as a Product Defendant. Plaintiff's claims against FEDERAL-MOGUL ASBESTOS PERSONAL INJURY TRUST arise out of this Defendant's business activities in the Commonwealth of Massachusetts.

66. Defendant, **FORD MOTOR COMPANY**, was and is a Delaware corporation with its principal place of business in Michigan. At all times material hereto, FORD MOTOR

COMPANY manufactured, engineered, designed, assembled, specified, recommended, required, sold, supplied, distributed, retailed, installed, and/or used substantial amounts of asbestos and/or asbestos-containing products, materials, or equipment, including, but not limited to, asbestos-containing Ford public transit buses and vans. Plaintiff sued FORD MOTOR COMPANY as a Product Defendant. Plaintiff's claims against FORD MOTOR COMPANY arise out of this Defendant's business activities in the Commonwealth of Massachusetts.

67. Defendant, **GENUINE PARTS COMPANY**, d/b/a NAPA, was and is a Georgia corporation with its principal place of business in Georgia. At all times material hereto, GENUINE PARTS COMPANY manufactured, engineered, designed, assembled, specified, recommended, required, sold, supplied, distributed, retailed, installed, and/or used substantial amounts of asbestos and/or asbestos-containing products, materials, or equipment, including, but not limited to, asbestos-containing Rayloc and other brake linings and other parts. Plaintiff sued GENUINE PARTS COMPANY as a Product Defendant. Plaintiff's claims against GENUINE PARTS COMPANY arise out of this Defendant's business activities in the Commonwealth of Massachusetts.

68. Defendant, **HENNESSY INDUSTRIES, LLC**, was and is a limited liability company incorporated under the laws of the State of Delaware with its principal place of business in North Carolina. At all times material hereto, HENNESSY INDUSTRIES, LLC manufactured, engineered, designed, assembled, specified, recommended, required, sold, supplied, distributed, retailed, installed, and/or used substantial amounts of asbestos and/or asbestos-containing products, materials, or equipment, including, but not limited to, brake grinders for use with asbestos-containing brake linings. Plaintiff sued HENNESSY INDUSTRIES, LLC as a Product Defendant. Plaintiff's claims against HENNESSY INDUSTRIES, LLC arise out of this Defendant's

business activities in the Commonwealth of Massachusetts.

69. Defendant, **HOLLINGSWORTH & VOSE COMPANY**, was and is a Massachusetts corporation with its principal place of business in Massachusetts. At all times material hereto, HOLLINGSWORTH & VOSE COMPANY manufactured, engineered, designed, assembled, specified, recommended, required, sold, supplied, distributed, retailed, installed, and/or used substantial amounts of asbestos and/or asbestos-containing products, materials, or equipment, including, but not limited to, asbestos-containing paper for clutches. Plaintiff sued HOLLINGSWORTH & VOSE COMPANY as a Product Defendant. Plaintiff's claims against HOLLINGSWORTH & VOSE COMPANY arise out of this Defendant's business activities in the Commonwealth of Massachusetts.

70. Defendant, **HONEYWELL INTERNATIONAL INC.**, f/k/a ALLIEDSIGNAL INC., as successor-in-interest to THE BENDIX CORPORATION, was and is a Delaware corporation with its principal place of business in North Carolina. At all times material hereto, HONEYWELL INTERNATIONAL INC. manufactured, engineered, designed, assembled, specified, recommended, required, sold, supplied, distributed, retailed, installed, and/or used substantial amounts of asbestos and/or asbestos-containing products, materials, or equipment, including, but not limited to, asbestos-containing Bendix brakes. Plaintiff sued HONEYWELL INTERNATIONAL INC. as a Product Defendant. Plaintiff's claims against HONEYWELL INTERNATIONAL INC. arise out of this Defendant's business activities in the Commonwealth of Massachusetts.

71. Defendant, **LIPE AUTOMATION CORP.** f./k/a LIPE-ROLLWAY CORPORATION, a dissolved New York corporation, was a New York corporation with its principal place of business in New York. At all times material hereto, LIPE AUTOMATION CORP.

manufactured, engineered, designed, assembled, specified, recommended, required, sold, supplied, distributed, retailed, installed, and/or used substantial amounts of asbestos and/or asbestos-containing products, materials, or equipment, including, but not limited to, asbestos-containing Lipe clutch assemblies. Plaintiff sued LIPE AUTOMATION CORP. as a Product Defendant. Plaintiff's claims against LIPE AUTOMATION CORP. arise out of this Defendant's business activities in the Commonwealth of Massachusetts.

72. Defendant, **MCCORD CORPORATION**, was and is a Michigan corporation with its principal place of business in Rhode Island. At all times material hereto, MCCORD CORPORATION manufactured, engineered, designed, assembled, specified, recommended, required, sold, supplied, distributed, retailed, installed, and/or used substantial amounts of asbestos and/or asbestos-containing products, materials, or equipment, including, but not limited to, asbestos-containing McCord engine gaskets. Plaintiff sued MCCORD CORPORATION as a Product Defendant. Plaintiff's claims against MCCORD CORPORATION arise out of this Defendant's business activities in the Commonwealth of Massachusetts.

73. Defendant, **MERITOR, INC.**, f/k/a ARVINMERITOR, INC., individually and as successor-in-interest to ROCKWELL INTERNATIONAL CORPORATION, was and is a Nevada corporation with its principal place of business in Michigan. At all times material hereto, MERITOR, INC. manufactured, engineered, designed, assembled, specified, recommended, required, sold, supplied, distributed, retailed, installed, and/or used substantial amounts of asbestos and/or asbestos-containing products, materials, or equipment, including, but not limited to, asbestos-containing Rockwell brake linings, axels, and brake assemblies. Plaintiff sued MERITOR, INC. as a Product Defendant. Plaintiff's claims against MERITOR, INC. arise out of this Defendant's business activities in the Commonwealth of Massachusetts.

74. Defendant, **MORSE TEC LLC**, f/k/a BORGWARNER MORSE TEC LLC, successor-by-merger to BORG-WARNER CORPORATION, was and is a limited liability company incorporated under the laws of the State of Delaware with its principal place of business in Michigan. At all times material hereto, MORSE TEC LLC manufactured, engineered, designed, assembled, specified, recommended, required, sold, supplied, distributed, retailed, installed, and/or used substantial amounts of asbestos and/or asbestos-containing products, materials, or equipment, including, but not limited to, asbestos-containing Borg-Warner clutches. Plaintiff sued MORSE TEC LLC as a Product Defendant. Plaintiff's claims against MORSE TEC LLC arise out of this Defendant's business activities in the Commonwealth of Massachusetts.

75. Defendant, **NEW FLYER OF AMERICA INC.**, as successor-in-interest to FLYER INDUSTRIES LIMITED, f/k/a WESTERN FLYER COACH, was and is a company incorporated under the laws of the State of North Dakota with its principal place of business in Minnesota. At all times material hereto, NEW FLYER OF AMERICA INC. manufactured, engineered, designed, assembled, specified, recommended, required, sold, supplied, distributed, retailed, installed, and/or used substantial amounts of asbestos and/or asbestos-containing products, materials, or equipment, including, but not limited to, asbestos-containing Metropolitan public transit buses and vans. Plaintiff sued NEW FLYER OF AMERICA INC. as a Product Defendant. Plaintiff's claims against NEW FLYER OF AMERICA INC. arise out of this Defendant's business activities in the Commonwealth of Massachusetts.

76. Defendant, **NORTHROP GRUMMAN OHIO CORPORATION**, as successor-in-interest to FLXIBLE CO., was and is a company incorporated under the laws of the State of Delaware with its principal place of business in Virginia. At all times material hereto, NORTHROP GRUMMAN OHIO CORPORATION manufactured, engineered, designed, assembled, specified,

recommended, required, sold, supplied, distributed, retailed, installed, and/or used substantial amounts of asbestos and/or asbestos-containing products, materials, or equipment, including, but not limited to, asbestos-containing Flxible public transit buses and vans. Plaintiff sued NORTHROP GRUMMAN OHIO CORPORATION as a Product Defendant. Plaintiff's claims against NORTHROP GRUMMAN OHIO CORPORATION arise out of this Defendant's business activities in the Commonwealth of Massachusetts.

77. Defendant, **PNEUMO ABEX LLC**, successor-in-interest to ABEX CORPORATION, was and is a Delaware limited liability company with its principal place of business in New Jersey. At all times material hereto, PNEUMO ABEX LLC manufactured, engineered, designed, assembled, specified, recommended, required, sold, supplied, distributed, retailed, installed, and/or used substantial amounts of asbestos and/or asbestos-containing products, materials, or equipment, including, but not limited to, asbestos-containing American Brakeblok and Abex brakes. Plaintiff sued PNEUMO ABEX LLC as a Product Defendant. Plaintiff's claims against PNEUMO ABEX LLC arise out of this Defendant's business activities in the Commonwealth of Massachusetts.

78. Defendant, **ROHR, INC.**, individually, d/b/a and as successor to FLXIBLE CO., was and is a company incorporated under the laws of the State of Delaware with its principal place of business in California. At all times material hereto, ROHR, INC. manufactured, engineered, designed, assembled, specified, recommended, required, sold, supplied, distributed, retailed, installed, and/or used substantial amounts of asbestos and/or asbestos-containing products, materials, or equipment, including, but not limited to, asbestos-containing Flxible public transit buses and vans. Plaintiff sued ROHR, INC. as a Product Defendant. Plaintiff's claims against ROHR, INC. arise out of this Defendant's business activities in the Commonwealth of

Massachusetts.

79. Defendant, **UNION CARBIDE CORPORATION**, was and is a New York corporation with its principal place of business in Texas. At all times material hereto, UNION CARBIDE CORPORATION mined, manufactured, processed, imported, converted, compounded, designed, specified, recommended, required, sold, supplied, distributed, retailed, installed, and/or used substantial amounts of asbestos and/or asbestos-containing products, materials, or equipment, including, but not limited to, raw asbestos fiber supplied to manufacturers of asbestos-containing products. Plaintiff sued UNION CARBIDE CORPORATION as a Product Defendant. Plaintiff's claims against UNION CARBIDE CORPORATION arise out of this Defendant's business activities in the Commonwealth of Massachusetts.

80. Defendant, **WESTERN AUTO SUPPLY COMPANY**, was and is a Delaware corporation with its principal place of business in North Carolina. At all times material hereto, WESTERN AUTO SUPPLY COMPANY manufactured, engineered, designed, assembled, specified, recommended, required, sold, supplied, distributed, retailed, installed, and/or used substantial amounts of asbestos and/or asbestos-containing products, materials, or equipment, including, but not limited to, asbestos-containing Wizard and other brake linings and other parts. Plaintiff sued WESTERN AUTO SUPPLY COMPANY as a Product Defendant. Plaintiff's claims against WESTERN AUTO SUPPLY COMPANY arise out of this Defendant's business activities in the Commonwealth of Massachusetts.

81. Defendant, **ZF ACTIVE SAFETY US INC.**, f/k/a KELSEY-HAYES COMPANY, was and is a company incorporated under the laws of the State of Delaware with its principal place of business in Michigan. At all times material hereto, ZF ACTIVE SAFETY US INC. manufactured, engineered, designed, assembled, specified, recommended, required, sold,

supplied, distributed, retailed, installed, and/or used substantial amounts of asbestos and/or asbestos-containing products, materials, or equipment, including, but not limited to, asbestos-containing Kelsey-Hayes brakes. Plaintiff sued ZF ACTIVE SAFETY US INC. as a Product Defendant. Plaintiff's claims against ZF ACTIVE SAFETY US INC. arise out of this Defendant's business activities in the Commonwealth of Massachusetts.

## BACKGROUND FACTS

82. Plaintiff brings this action for monetary damages as a result of Plaintiff JOE D. LITTLE contracting an asbestos-related disease.

83. Plaintiff JOE D. LITTLE was diagnosed with malignant mesothelioma on or about June 5, 2025.

84. Plaintiff's mesothelioma was caused by his exposure to asbestos during the course of his military service and civilian employment.

85. During his work history, Plaintiff was exposed to asbestos through his service in the U.S. Navy as a fireman apprentice, fireman, and engineman.

86. Plaintiff was exposed to Defendants' asbestos-insulated and asbestos-containing products while serving in the United States Navy as a fireman apprentice, fireman, and engineman aboard USS *Mississinewa* (AO-144) from approximately 1962 to 1967, including while overhauled at Boston Naval Shipyard in Charlestown, Massachusetts, in or about 1964 to 1965. During this period, he worked with and near others who worked with various types of engines, pumps, valves, and other machinery and equipment that exposed him to asbestos-containing materials, including products manufactured, sold, and/or installed by 3M COMPANY; ABB INC., individually and as successor-in-interest to BAILEY METER COMPANY and ITE IMPERIAL COMPANY f/k/a ITE CIRCUIT BREAKER COMPANY;

ALFA LAVAL INC.; A. O. SMITH CORPORATION; CARRIER CORPORATION; CROWN CORK & SEAL COMPANY, INC.; CURTIS-WRIGHT FLOW CONTROL CORPORATION, as successor-in-interest to FARRIS ENGINEERING CORP.; ECKEL INDUSTRIES, INC.; ELECTROLUX HOME PRODUCTS, INC.; EMERSON ELECTRIC CO., individually and as successor-in-interest to FISHER CONTROLS; FLOWSERVE CORPORATION f/k/a The Duriron Company, Inc.; FLOWSERVE US INC., as successor to ROCKWELL MANUFACTURING COMPANY, EDWARD VALVES, INC., SIER-BATH CO., PACIFIC PUMP, INC. and NORDSTROM VALVES, INC.; FLOWSERVE US, INC., as successor to DURAMETALLIC CORPORATION; FMC CORPORATION, on behalf of its former CHICAGO PUMPS, NORTHERN PUMPS, and PEERLESS PUMPS businesses; FOSTER WHEELER ENERGY CORPORATION; GENERAL ELECTRIC COMPANY; GOULDS ELECTRONICS INC.; GOULDS PUMPS LLC; GREENE, TWEED & CO., INC,; HONEYWELL INTERNATIONAL, INC., individually and as successor-in-interest to MINNEAPOLIS-HONEYWELL REGULATOR CO.; IMO INDUSTRIES LLC f/k/a IMO INDUSTRIES INC..; ITT LLC; JOHN CRANE INC.; THE J. R. CLARKSON COMPANY LLC, successor to KUNKLE VALVE COMPANY and J.E. LONERGAN COMPANY; KIDDE-FENWAL, LLC, as successor-in-interest to WALTER KIDDE & CO., INC. and WALTER KIDDE CO.; KINNEY VACUUM COMPANY; LEAR SIEGLER DIVERSIFIED HOLDINGS CORP., as successor-in-interest to DAVIS ENGINEERING; MUELLER STEAM SPECIALTY; PARAMOUNT GLOBAL, f/k/a VIACOMCBS INC. f/k/a CBS CORPORATION, a Delaware corporation, f/k/a VIACOM, INC., successor by merger to CBS CORPORATION, a Pennsylvania corporation, f/k/a WESTINGHOUSE ELECTRIC CORPORATION, individually and as successor-in-interest to BF STURTEVANT CO.; REDCO CORPORATION f/k/a

CRANE CO.; ROCKWELL AUTOMATION, INC., as successor-by-merger to ALLEN-BRADLEY COMPANY, LLC, RELIANCE ELECTRIC CO., and ROSTONE CORPORATION, and its wholly owned subsidiary NUAD CORPORATION (individually and as successor to ADMIRAL CORPORATION); SCHNEIDER ELECTRIC USA, INC., f/k/a SQUARE D COMPANY, individually and as successor-in-interest to AUTOMATIC SWITCH CO.; SPIRAX SARCO, INC.; STRAHMAN VALVES, INC.; TACO INC.; TUTHILL CORPORATION; VALVES AND CONTROLS US, INC. f/k/a WEIR VALVES & CONTROLS USA, INC. f/k/a ATWOOD & MORRILL CO., INC.; THE WALWORTH COMPANY; WARREN PUMPS LLC; YORK INTERNATIONAL CORPORATION; AND ZURN INDUSTRIES, LLC, individually and as successor-in-interest to ZURN INDUSTRIES, INC.

87. Plaintiff was further exposed to asbestos from asbestos-containing brake assemblies, clutches, and engines, and other asbestos-containing products in public transit buses, vans, and other vehicles while employed as a fleet mechanic in Cincinnati, Ohio, for more than thirty years from about 1967 to 2003. During this period, he worked with various types of engines, machinery and equipment that exposed him to asbestos-containing materials, including products manufactured, sold, and/or installed by AM GENERAL LLC; CARLISLE INDUSTRIAL BRAKE & FRICTION, INC., f/k/a MOTION CONTROL INDUSTRIES, INC.; CATERPILLAR INC.; CUMMINS INC.; DCO LLC f/k/a DANA COMPANIES LLC; FEDERAL-MOGUL ASBESTOS PERSONAL INJURY TRUST, as successor to FELT PRODUCTS MANUFACTURING CO. and/or the former VELLUMOID DIVISION OF FEDERAL-MOGUL CORPORATION; FORD MOTOR COMPANY; GENUINE PARTS COMPANY, d/b/a NAPA; HENNESSY INDUSTRIES, LLC; HOLLINGSWORTH & VOSE

COMPANY; HONEYWELL INTERNATIONAL INC., f/k/a ALLIEDSIGNAL INC., as successor-in-interest to THE BENDIX CORPORATION; LIPE AUTOMATION CORP. f/k/a LIPE-ROLLWAY CORPORATION, a dissolved New York corporation; MCCORD CORPORATION; MERITOR, INC., f/k/a ARVINMERITOR, INC., successor-in-interest to ROCKWELL INTERNATIONAL CORPORATION; MORSE TEC LLC, f/k/a BORGWARNER MORSE TEC LLC, successor-by-merger to BORG-WARNER CORPORATION; NEW FLYER OF AMERICA INC., successor-in-interest to FLYER INDUSTRIES LIMITED, f/k/a WESTERN FLYER COACH; NORTHROP GRUMMAN OHIO CORPORATION, as successor-in-interest to FLXIBLE CO.; PNEUMO ABEX LLC, successor-in-interest to ABEX CORPORATION; ROHR, INC., individually, d/b/a and as successor to FLXIBLE CO.; UNION CARBIDE CORPORATION; WESTERN AUTO SUPPLY COMPANY; and ZF ACTIVE SAFETY US INC., f/k/a KELSEY-HAYES COMPANY.

88. Plaintiff worked with, or in close proximity to others who worked with, asbestos-containing materials including but not limited to, asbestos-containing products and other asbestos-containing materials manufactured and/or sold by Defendants identified above.

89. Plaintiff has been informed and believes, and thereon alleges, that progressive lung disease, mesothelioma and other serious diseases are caused by inhalation of asbestos fibers without perceptible trauma and that said disease results from exposure to asbestos and asbestos-containing products over a period of time.

90. As a direct and proximate result of the conduct as alleged within, Plaintiff JOE D. LITTLE suffered permanent injuries, including, but not limited to, mesothelioma and other lung damage, as well as the mental and emotional distress attendant thereto, from the effect of

exposure to asbestos fibers, all to his damage in the sum of the amount as the trier of fact determines is proper.

91. As a direct and proximate result of the conduct as hereinafter alleged, Plaintiff JOE D. LITTLE incurred liability for physicians, surgeons, nurses, hospital care, medicine, hospices, x-rays and other medical treatment.

**FIRST CAUSE OF ACTION**
**NEGLIGENCE**

92. Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

93. At all times herein mentioned, each of the named Defendants was an entity and/or the successor, successor in business, successor in product line or a portion thereof, assign, predecessor, predecessor in business, predecessor in product line or a portion thereof, parent, subsidiary, or division of an entity, hereinafter referred to collectively as “alternate entities,” engaged in the business of researching, studying, manufacturing, fabricating, designing, modifying, labeling, instructing, assembling, distributing, leasing, buying, offering for sale, supplying, selling, inspecting, servicing, installing, contracting for installation, repairing, marketing, warranting, re-branding, manufacturing for others, packaging and advertising a certain product, namely asbestos, other products containing asbestos, and products manufactured for foreseeable use with asbestos products.

94. At all times herein mentioned, Defendants and/or their “alternate entities” singularly and jointly, negligently and carelessly researched, manufactured, fabricated, designed, modified, tested or failed to test, abated or failed to abate, inadequately warned or failed to warn of the health hazards, failed to provide adequate use instructions for eliminating the health risks inherent in the use of the products, labeled, assembled, distributed, leased, bought, offered for sale,

supplied, sold, inspected, serviced, installed, contracted for installation, repaired, marketed, warranted, rebranded, manufactured for others, packaged and advertised, a certain product, namely asbestos, other products containing asbestos, and products manufactured for foreseeable use with asbestos products, in that said products caused personal injuries to Plaintiff JOE D. LITTLE and others similarly situated, (hereinafter collectively called "exposed persons"), while being used for their intended purpose and in a manner that was reasonably foreseeable.

95. Defendants, by poor manufacturing or by the nature of the products, formulae, or ingredients themselves, failed to encapsulate, incarcerate, contain, or control the asbestos fibers within, making their products unreasonably or excessively likely to emit harmful amounts of renegade, loose or friable asbestos during normal use, maintenance, installation, removal or handling.

96. The asbestos and asbestos-containing products were defective and unsafe for their intended purpose in that there was an alternative for asbestos that could have been used as the product or as a component instead of asbestos within a normally asbestos-containing/utilizing product. Said alternatives would have prevented the Defendants' asbestos and asbestos-containing products from causing Plaintiff's mesothelioma, due to an inability of any asbestos-alternative to penetrate the pleural lining of Plaintiff's lung, even if inhaled. Said alternatives came at a comparable cost to each of the Product Defendants and/or their "alternate entities." Said alternatives were of comparable utility to the asbestos or asbestos-containing products of Defendants and/or their "alternate entities." The gravity of the potential harm resulting from the use of Defendants' asbestos or asbestos-containing products, and the likelihood such harm would occur to users of its products, far outweighed any additional cost or marginal loss of functionality in creating and/or utilizing an alternative design, providing adequate warning of such potential

harm, and/or providing adequate use instructions for eliminating the health risks inherent in the use of their products, thereby rendering the same defective, unsafe and dangerous for use by Plaintiff. The Product Defendants and/or their "alternate entities" had a duty to exercise due care in the pursuance of the activities mentioned above and Defendants, each of them, breached said duty of due care.

97. Defendants and/or their "alternate entities" knew or should have known, and intended that the aforementioned asbestos and asbestos-containing products would be transported by truck, rail, ship and other common carriers, that in the shipping process the products would break, crumble or be otherwise damaged; and/or that such products would be used for insulation, construction, plastering, fireproofing, soundproofing, automotive, aircraft and/or other applications, including, but not limited to grinding sawing, chipping, hammering, scraping, sanding, breaking, removal, "rip-out," and other manipulation, resulting in the release of airborne asbestos fibers, and that through such foreseeable use and/or handling by exposed persons, including Plaintiff, would use or be in proximity to and exposed to said asbestos fibers.

98. At all times relevant, the Defendants and/or their "alternate entities" were aware of their asbestos and asbestos-containing products' defect but failed to adequately warn Plaintiff, Plaintiff's family members or others in their vicinity, as well as failed to adequately warn others of the known hazards associated with their products and/or failed to recall or retrofit their products. A reasonable manufacturer, distributor, or seller of Defendants' products would have, under the same or similar circumstances, adequately warned of the hazards associated with their products.

99. Plaintiff and others in his vicinity used, handled or were otherwise exposed to asbestos and asbestos-containing products referred to herein in a manner that was reasonably

foreseeable. Plaintiff's exposure to asbestos and asbestos-containing products occurred at various locations as set forth in this Complaint.

100. Plaintiff JOE D. LITTLE suffers from mesothelioma, a cancer related to exposure to asbestos and asbestos-containing products. Plaintiff was not aware at the time of exposure that asbestos or asbestos-containing products presented any risk of injury or disease.

101. Defendants' conduct and defective products as described in this cause of action were a direct cause of Plaintiff's injuries, and all damages thereby sustained by Plaintiff. Plaintiff therefore seeks compensatory damages in order to make him whole, according to proof.

102. In researching, manufacturing, fabricating, designing, modifying, testing or failing to test, warning or failing to warn, failing to recall or retrofit, labeling, instructing, assembling, distributing, leasing, buying, offering for sale, supplying, selling, inspecting, servicing, installing, contracting for installation, repairing, marketing, warranting, rebranding, manufacturing for others, packaging and advertising asbestos and asbestos-containing products or products manufactured for foreseeable use with asbestos products, Defendants and/or their "alternate entities" did so without disregard for the safety of "exposed persons" who came in contact with asbestos and asbestos-containing products, in that Defendants and/or their "alternate entities" had prior knowledge that there was a substantial risk of injury or death resulting from exposure to asbestos, asbestos-containing products or products manufactured for foreseeable use with asbestos products, including, but not limited to, asbestosis, mesothelioma, lung cancer, and other lung damages. This knowledge was obtained, in part, from scientific studies performed by, at the request of, or with the assistance of Defendants and/or their "alternate entities."

103. Defendants and their "alternate entities" were aware that members of the general public and other "exposed persons," who would come in contact with their asbestos and asbestos-

containing products, had no knowledge or information indicating that asbestos, asbestos-containing products, or products manufactured for foreseeable use with asbestos products, could cause injury, and Defendants and their "alternate entities," each of them, knew that members of the general public and other "exposed persons," who came in contact with asbestos and asbestos-containing products or products manufactured for foreseeable use with asbestos products, would assume, and in fact did assume, that exposure to asbestos and asbestos-containing products was safe, when in fact said exposure was extremely hazardous to health and human life.

104. The above-referenced conduct of Defendants and their "alternate entities," was motivated by the financial interest of Defendants, their "alternate entities," and each of them, in the continuing, uninterrupted research, design, modification, manufacture, fabrication, labeling, instructing, assembly, distribution, lease, purchase, offer for sale, supply, sale, inspection, installation, contracting for installation, repair, marketing, warranting, rebranding, manufacturing for others, packaging and advertising of asbestos, asbestos-containing products and products manufactured for foreseeable use with asbestos products. Defendants were consciously willing and intended to permit asbestos and asbestos-containing products to cause injury to "exposed persons" without warning them of the potential hazards and further induced persons to work with and be exposed thereto, including Plaintiff JOE D. LITTLE.

105. Plaintiff and other exposed persons did not know of the substantial danger of using Defendants' asbestos, asbestos containing-products, and products manufactured for foreseeable use with asbestos products. The dangers inherent in the use of these products were not readily recognizable by Plaintiff or other exposed persons. Defendants and/or their "alternate entities" further failed to adequately warn of the risks to which Plaintiff and others similarly situated were exposed.

106. Defendants and/or their "alternate entities" are liable for the fraudulent, oppressive, and malicious acts of their "alternate entities," and each Defendant's officers, directors and managing agents participated in, authorized, expressly and impliedly ratified, and had full knowledge of, or should have known of, the acts of each of their "alternate entities" as set forth herein.

107. As a direct and proximate result of the aforesaid negligent acts and/or omissions by the Defendants, the Plaintiff JOE D. LITTLE developed mesothelioma, as a consequence of which, through no fault of his own, he is severely injured, disabled and damaged.

108. As a result of the above, Plaintiff seeks damages as are hereinafter demanded.

**SECOND CAUSE OF ACTION**
**BREACH OF EXPRESS AND IMPLIED WARRANTY**
**Mass. Gen. Laws c. 106 §§ 2-314 and 2-318**

109. Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

110. Each of the Defendants impliedly warranted that said asbestos materials were of good and merchantable quality and fit for their intended use.

111. The implied warranty made by the Defendants and/or their "alternate entities" that the asbestos and asbestos-containing materials, products, or equipment, were of good and merchantable quality and for the particular intended use was breached and that certain harmful, poisonous, and deleterious matter was given off into the atmosphere wherein the Plaintiff carried out his duties while working with or in the vicinity of asbestos and asbestos-containing materials, products, or equipment.

112. Plaintiff JOE D. LITTLE was a person whom the defendants could reasonably have expected to use, consume, or be affected by the defendants' asbestos and asbestos-containing

products within the meaning of the Massachusetts General Laws ch. 106, §§2-314 and 2-318, as the defendants knew or had reason to know that their asbestos and asbestos-containing products would be used and that individuals such as JOE D. LITTLE would come into contact with such asbestos materials.

113. The defendants expressly and impliedly warranted that the asbestos and asbestos-containing products described above were merchantable, safe, and fit for their ordinary purposes, and the particular purposes and requirements of Plaintiff JOE D. LITTLE.

114. The defendants had reason to know of the particular purposes for which their asbestos and asbestos-containing products would be used.

115. Plaintiff, JOE D. LITTLE, relied upon the defendants' skill or judgment in selecting suitable products for safe use.

116. The defendants breached these warranties in that the asbestos and asbestos-containing products they sold were not merchantable, safe, suitable, or fit for their ordinary or particular purpose.

117. As a direct and proximate result of the defendants' breach or warranties, Plaintiff JOE D. LITTLE contracted mesothelioma. Plaintiff JOE D. LITTLE has suffered serious personal injuries, endured and will continue to endure great physical pain and suffering, has and will continue to suffer from severe mental anguish and distress, and has been prevented from transacting business. He has incurred and will continue to incur substantial medical expenses in connection with treatment of his asbestos-related disease. Further, his spouse and next of kin have been deprived of his services, protection, care, assistance, society, companionship, comfort, affection, guidance, counsel and advice.

118. As a result of the above, Plaintiff seeks damages as are hereinafter demanded.

**THIRD CAUSE OF ACTION**
**FAILURE TO WARN AND DEFECTIVE DESIGN**

119. Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

120. Under Massachusetts law, the relevant Defendants are liable for negligent failure to warn and inadequate warning or instruction, in that they were each a manufacturer or seller of a product who acted unreasonably in failing to provide such warning or instruction. The failure to provide adequate warning or instruction was a proximate cause of the harm for which Plaintiff seeks damages. At the time the relevant asbestos-containing products left the control of the relevant Defendant manufacturers or sellers, the products without an adequate warning or instruction, created an unreasonably dangerous condition that the manufacturer or seller knew, or in the exercise of ordinary care should have known, posed a substantial risk of harm to a reasonably foreseeable claimant.

121. In the alternative, after the relevant asbestos-containing products left the control of the relevant Defendant manufacturer or sellers, the manufacturers or sellers became aware of or in the exercise of ordinary care should have known that the products posed a substantial risk of harm to a reasonably foreseeable user or consumer and failed to take reasonable steps to give adequate warning or instruction or to take other reasonable action under the circumstances.

122. The relevant Defendants breached their duties and were negligent in the following acts and/or omissions:

(a) Failed to advise Plaintiff of the dangerous characteristics of their asbestos and/or asbestos-containing materials, products or equipment;

(b) Failed or omitted to provide the Plaintiff with the knowledge as to what would be reasonably safe and sufficient apparel and protective equipment and appliances to reduce exposure to inhalable asbestos fibers, if in truth they were in any way able to protect him from being poisoned and disabled

as he was by exposure to such deleterious and harmful asbestos-containing materials, products or equipment;

(c) Failed and omitted to place any warnings or sufficient warnings on their containers of said asbestos and asbestos-containing materials, products or equipment, to warn the handlers of the dangers to health in coming in contact with said asbestos and asbestos-containing materials, products or equipment;

(d) Failed and omitted to take reasonable precautions or to exercise reasonable care to publish, adopt, and enforce a safety plan and a safe method of handling and installing said asbestos-containing materials, products or equipment;

(e) Inadequately warned, if, in fact, they warned at all, persons such as Plaintiff of the dangers to their health in coming in contact with and breathing said asbestos fibers from asbestos and/or asbestos-containing materials, products or equipment;

(f) Did not recommend methods to reduce exposures;

(g) After discovering that the asbestos exposure caused a progressive lung disease, the Defendants did not inform the Plaintiff of the need for monitoring and periodic evaluations up to and including the filing of this complaint.

**FOURTH CAUSE OF ACTION**
**MARITIME NEGLIGENCE ALLEGATIONS**

123. Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

124. This Count for maritime law negligence is brought against Defendants: ABB INC., individually and as successor-in-interest to BAILEY METER COMPANY and ITE IMPERIAL COMPANY f/k/a ITE CIRCUIT BREAKER COMPANY; ALFA LAVAL INC.; A. O. SMITH CORPORATION; CARRIER CORPORATION; CROWN CORK & SEAL COMPANY, INC.; CURTIS-WRIGHT FLOW CONTROL CORPORATION, as successor-in-interest to FARRIS ENGINEERING CORP.; ECKEL INDUSTRIES, INC.; ELECTROLUX HOME PRODUCTS, INC.; EMERSON ELECTRIC CO., individually and as successor-in-interest to FISHER

CONTROLS; FLOWSERVE CORPORATION f/k/a The Duriron Company, Inc.; FLOWSERVE US INC., as successor to ROCKWELL MANUFACTURING COMPANY, EDWARD VALVES, INC., SIER-BATH CO., PACIFIC PUMP, INC. and NORDSTROM VALVES, INC.; FLOWSERVE US, INC., as successor to DURAMETALLIC CORPORATION; FMC CORPORATION, on behalf of its former CHICAGO PUMPS, NORTHERN PUMPS, and PEERLESS PUMPS businesses; FOSTER WHEELER ENERGY CORPORATION; GENERAL ELECTRIC COMPANY; GOULDS ELECTRONICS INC.; GOULDS PUMPS LLC; GREENE, TWEED & CO., INC,; HONEYWELL INTERNATIONAL, INC., individually and as successor-in-interest to MINNEAPOLIS-HONEYWELL REGULATOR CO.; IMO INDUSTRIES LLC f/k/a IMO INDUSTRIES INC..; ITT LLC; JOHN CRANE INC.; THE J. R. CLARKSON COMPANY LLC, successor to KUNKLE VALVE COMPANY and J.E. LONERGAN COMPANY; KIDDE-FENWAL, LLC, as successor-in-interest to WALTER KIDDE & CO., INC. and WALTER KIDDE CO.; KINNEY VACUUM COMPANY; LEAR SIEGLER DIVERSIFIED HOLDINGS CORP., as successor-in-interest to DAVIS ENGINEERING; MUELLER STEAM SPECIALTY; PARAMOUNT GLOBAL, f/k/a VIACOMCBS INC. f/k/a CBS CORPORATION, a Delaware corporation, f/k/a VIACOM, INC., successor by merger to CBS CORPORATION, a Pennsylvania corporation, f/k/a WESTINGHOUSE ELECTRIC CORPORATION, individually and as successor-in-interest to BF STURTEVANT CO.; REDCO CORPORATION f/k/a CRANE CO.; ROCKWELL AUTOMATION, INC., as successor-by-merger to ALLEN-BRADLEY COMPANY, LLC, RELIANCE ELECTRIC CO., and ROSTONE CORPORATION, and its wholly owned subsidiary NUAD CORPORATION (individually and as successor to ADMIRAL CORPORATION); SCHNEIDER ELECTRIC USA, INC., f/k/a SQUARE D COMPANY, individually and as successor-in-interest to AUTOMATIC SWITCH CO.; SPIRAX SARCO,

INC.; STRAHMAN VALVES, INC.; TACO INC.; TUTHILL CORPORATION; VALVES AND CONTROLS US, INC. f/k/a WEIR VALVES & CONTROLS USA, INC. f/k/a ATWOOD & MORRILL CO., INC.; THE WALWORTH COMPANY; WARREN PUMPS LLC; YORK INTERNATIONAL CORPORATION; AND ZURN INDUSTRIES, LLC, individually and as successor-in-interest to ZURN INDUSTRIES, INC.

125. Maritime Defendants manufactured, designed, assembled, used, specified, sold, supplied, installed, or removed asbestos-containing products and/or equipment which was the source of airborne asbestos fibers to which JOE D. LITTLE was exposed while onboard U.S. Navy vessels.

126. The asbestos-containing products and/or equipment were being used in a manner for which they were intended and in a manner which was reasonably foreseeable.

127. Maritime Defendants knew or should have known of the dangerous propensities of airborne asbestos fibers; that they had a toxic, poisonous, and highly deleterious effect upon the health of persons such as JOE D. LITTLE, and others, exposed to the fibers could and would cause injury, disease and death.

128. Maritime Defendants that manufactured equipment aboard Plaintiff JOE D. LITTLE'S Naval vessels had a duty to warn about the dangers of asbestos-containing replacements parts that were necessary for their equipment to function as intended. They had a duty to warn about the hazards of asbestos exposure because (i) their products required incorporation of an asbestos part, (ii) they knew or had reason to know that the integrated product was likely to be dangerous for its intended uses, and (iii) they had no reason to believe that the product's users would realize the danger. Maritime Defendants' products required asbestos component parts to function as intended in that they directed that the asbestos parts be incorporated, they made their

products with asbestos parts that they knew would require replacement with a similar part, and/or their products would be useless without the asbestos component part. *See Sebright v. Gen. Elec. Co.*, 525 F.Supp.3d 217 (D. Mass. 2021).

129. Maritime Defendants had a duty to exercise reasonable care and caution in manufacturing, designing, using, specifying, selling, supplying, installing, or removing asbestos-containing products and/or equipment, for the safety of JOE D. LITTLE and others working with and around those products and/or equipment.

130. Maritime Defendants breached their duties of case by one of more of the following wrongful acts or omissions, all of which were negligent, and/or willful and wanton, and/or undertaken with reckless disregard for, and deliberate indifference to, the foreseeable consequences and injuries to JOE D. LITTLE and others:

a. Failed to adequately warn JOE D. LITTLE or others of the dangers and health hazards from working with or around the asbestos in their products and/or equipment;

131.

b. Failed to investigate or test for the reasonably known and deleterious health effects of asbestos;

c. Failed to instruct JOE D. LITTLE, the United States Government, or the United States Navy, or others in the use of precautionary and/or safety measures relating to airborne asbestos fibers released from Defendants' asbestos products and/or equipment they worked with or around;

d. Used defectively designed asbestos-containing products and/or equipment which did not protect against or prevent the release of asbestos fibers;

e. Failed to warn JOE D. LITTLE or others of the danger of airborne asbestos fibers which continued to be released after the products and/or equipment were installed at the premises;

f. Used and/or specified unsafe techniques in the installation, removal, maintenance, and use of asbestos-containing products and/or equipment; and

g. Included asbestos in their products and equipment even though the danger and harm to JOE D. LITTLE and others was reasonably foreseeable, and safer and adequate substitutes were readily available.

113. As a direct and proximate result of the acts and omissions of the Maritime Defendants, JOE D. LITTLE was injured as described above.

132. Maritime Defendants' products were a substantial factor in causing the injuries described above.

133. JOE D. LITTLE was substantially exposed to asbestos attributable to Maritime Defendants for a substantial period of time while serving on board U.S. Navy vessels.

**<u>FIFTH CAUSE OF ACTION</u>**
**MARITIME STRICT LIABILITY ALLEGATIONS**

134. Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

135. JOE D. LITTLE's injuries resulted from the condition of Maritime Defendants' products, specifically the fact that such products contained asbestos to which he was exposed.

136. The condition of Maritime Defendants' asbestos-containing products and/or equipment was unreasonably dangerous to normal use.

137. Maritime Defendants' products contained asbestos at the time the left Maritime Defendants' control.

138. Maritime Defendants' asbestos-containing products and/or equipment were unreasonably dangerous to persons who were exposed to asbestos from them such as JOE D. LITTLE.

139. Maritime Defendants failed to warn JOE D. LITTLE concerning the dangerous properties of their products and/or equipment.

**SIXTH CAUSE OF ACTION**
**ADDITIONAL MARITIME PUNTIVE DAMAGES**

140. Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

141. Maritime law allows for the recovery of punitive damages absent any federal statute to the contrary.

142. Maritime Defendants' conduct as set forth in this complaint was intentional, outrageous, or wanton and reckless conduct, done with a conscious disregard of the rights of others such as JOE D. LITTLE.

143. Upon information and belief, Maritime Defendants acted maliciously, and/or with intentional disregard for the rights of JOE D. LITTLE for which Plaintiffs are entitled to recover punitive damages.

**SEVENTH CAUSE OF ACTION**
**CONSPIRACY**
**(AS TO DEFENDANT METROPOLITAL LIFE INSURANCE COMPANY)**

144. Defendant METROPOLITAN LIFE INSURANCE COMPANY rendered substantial aid and assistance to the manufacturers of asbestos-containing products and/or equipment to which Plaintiff JOE D. LITTLE was exposed, and such assistance by METROPOLITAN LIFE INSURANCE COMPANY aided and abetted the negligence and the marketing of unreasonably dangerous asbestos-containing products and/or equipment by such manufacturers which proximately caused Plaintiff JOE D. LITTLE's illness, injuries, and/or disabilities.

145. In both conducting tests and in publishing their alleged results, METROPOLITAN LIFE INSURANCE COMPANY failed to exercise reasonable care to conduct or publish complete, adequate and accurate tests of the health effects of asbestos. METROPOLITAN LIFE

INSURANCE COMPANY also caused to be published intentionally false, misleading, inaccurate and deceptive information about the health effects of asbestos exposure.

146. Plaintiff JOE D. LITTLE's unwittingly but justifiably relied upon the thoroughness of METROPOLITAN LIFE INSURANCE COMPANY's tests and information dissemination, the results of which METROPOLITAN LIFE INSURANCE COMPANY published in leading medical journals.

147. As a direct and proximate contributing result of METROPOLITAN LIFE INSURANCE COMPANY's failures to conduct or accurately publish adequate tests or disseminate accurate and truthful information, after undertaking to do so; (i) the risk of harm to Plaintiff JOE D. LITTLE from asbestos exposure was increased, and (ii) JOE D. LITTLE suffered the injuries previously described.

148. In failing to test fully and adequately for the adverse health effects from exposure to asbestos; in delaying the publication of such results; in falsely editing such results as were obtained; in suppressing relevant medical inquiry and knowledge about those hazards to promote the sale and distribution of asbestos as a harmless product; and in collaborating with the other Defendants materially to understate the hazards of asbestos exposure, all for their own profit and gain, METROPOLITAN LIFE INSURANCE COMPANY acted willfully, wantonly, and with malice in calculated disregard for the welfare of the general public, including Plaintiff JOE D. LITTLE. Plaintiff seeks compensatory and punitive damages against METROPOLITAN LIFE INSURANCE COMPANY as a result.

**ADDITIONAL DAMAGES**

149. Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

150. As a result of the development of asbestos-related diseases, Plaintiff JOE D. LITTLE has suffered and sustained very serious injuries to his person, to wit: malignant mesothelioma.

151. Plaintiff has further suffered great pain, extreme nervousness, and mental anguish as a direct result of the aforesaid injuries.

152. Plaintiff verily believes that his injuries and illnesses are recurrent in nature and that he will be forced to suffer same for the remainder of his life; that his enjoyment of life has been greatly impaired; and further, that his expected life span has been greatly shortened.

153. Plaintiff alleges that as a result of the aforesaid illnesses, he has been forced to incur large amounts of medical expenses by way of doctor and drug bills and verily believes that he will be forced to incur additional expenses in an effort to treat his illnesses as aforesaid alleged.

WHEREFORE, the Plaintiff verily believes he is entitled to actual damages against the Defendants, jointly and severally, by reason of said negligence, gross negligence, breach of warranty, failure to warn and other breaches of duty as alleged herein proximately caused by the fault of the Defendants, and special damages in an amount to be determined by the trier of fact, plus the costs of this action.

**JURY DEMAND**

Plaintiff respectfully requests a trial by jury of all claims so triable.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays that this Court:

i. Award the Plaintiff compensatory damages, in an amount to be determined at trial;

ii. Award the Plaintiff punitive damages against Maritime Defendants, in an amount to be determined at trial;

iii. Award the Plaintiff pre-judgment and post-judgment interest and any other costs, expenses or fees to which the Plaintiff may be entitled by law; and

iv. Award the Plaintiff such other and further relief as is just and proper.

**PLAINTIFF RESPECTFULLY DEMANDS A JURY TO TRY THESE ISSUES.**

Respectfully submitted,
The Plaintiff,
By his attorneys,

Dated: July 21, 2025

*/s/ Christopher P. Duffy*

Christopher P. Duffy, Esq.
BBO No. 648402
DUFFY LAW LLC
Masonic Temple Building
70 Washington Street, Suite 405
Salem, MA 01970
(978) 414-5714
duffy@cpduffylaw.com